IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-MJ-1147-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN F. CURRAN, III, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the undersigned to address Defendant John F. Curran, III's ("Defendant") *pro se* Motion for Sentence Credit [DE-11], filed on January 12, 2017. The Government responded in opposition to Defendant's motion [DE-12], and Defendant filed a reply [DE-13]. Accordingly, the pending motion is ripe for adjudication. For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

On May 14, 2013, Defendant pleaded guilty in the United States District Court for the District of Maryland (the "District of Maryland") to one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and was sentenced on August 15, 2013 to 37 months' imprisonment, followed by three years' supervised release. *United States v. Curran*, No. 1:11-CR-687-RDB, [DE-107, -128] (D. Md.). On August 25, 2016, the District of Maryland issued an arrest warrant for Defendant for an alleged violation of supervised release, and Defendant was apprehended on September 7, 2016 in the Eastern District of North Carolina. *Id.* [DE-208].

This court held an Initial Appearance pursuant to Rule 5(c)(3) of the Federal Rules of

Criminal Procedure on September 8, 2016, and on the same date appointed counsel for Defendant and temporarily detained Defendant in advance of further proceedings. [DE-2, -4, -5]. On September 15, 2016, this court held Preliminary and Detention Hearings, finding probable cause that Defendant had violated the conditions of his supervised release. [DE-6, -9]. This court also denied the Government's motion for detention and entered an order setting conditions of release, placing Defendant on home incarceration at the residence of his third-party custodian located within Maryland. [DE-7].

On November 4, 2016, the District of Maryland found that Defendant was in violation of his conditions of supervised release, revoked Defendant's supervised release, and sentenced Defendant to an additional 24 months' imprisonment. *United States v. Curran*, No. 1:11-CR-687-RDB, [DE-217] (D. Md.). The sentencing judge recommended to the Bureau of Prisons that Defendant receive credit for time served while in custody in North Carolina between September 7, 2016 and September 19, 2016, and in Maryland between November 3, 2016 and November 4, 2016. *Id.*

## II. ANALYSIS

Defendant seeks an order directing the Federal Bureau of Prisons ("BOP") to credit his period of home incarceration imposed by this court from September 16, 2016 until November 2, 2016 towards his 24 months' sentence for violation of supervised release imposed by the District of Maryland. Def.'s Mot. [DE-11]; Def.'s Reply [DE-13]. In response, the Government argues that the District of Maryland, and not this court, has jurisdiction over Defendant's violation of supervised release proceedings and in any event, Defendant's motion is baseless where the Attorney General, through the BOP, has authority to award time-served credit and Defendant's period of home incarceration was not official detention for which he may receive such credit. Gov't Resp. [DE-12].

2

Case 7:16-mj-01147-RJ   Document 14   Filed 03/24/17   Page 2 of 4

Here, Defendant was originally sentenced by the District of Maryland, and that sentence included a term of supervised release. *United States v. Curran*, No. 1:11-CR-687-RDB, [DE-128] (D. Md.). The sentencing court retains jurisdiction over a defendant serving a term of supervised release, unless the court expressly transfers jurisdiction to another district court. *See* 18 U.S.C. § 3605 ("A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner."). No such transfer took place in the instant case. While Defendant was arrested in the Eastern District of North Carolina, his revocation proceedings were ultimately held in the District of Maryland and his sentence for violation of supervised release was imposed by that court. This court merely held preliminary proceedings pursuant to Rule 5(c)(3) and "imposed conditions on Defendant's release pending his revocation hearing before the District of Maryland." [DE-9] at 2; *see* Fed. R. Crim. P. 5(c)(3) (discussing the procedures for holding preliminary proceedings when the initial appearance occurs in another district and the procedure for transferring the defendant to the district where the offense was allegedly committed). To the extent Defendant argues that the proceedings in this district constituted a transfer of jurisdiction to this district, his argument is without merit.

Accordingly, as this court lacks jurisdiction over Defendant's violation of supervised release proceedings, Defendant's motion for sentence credit must be denied. Having held that it lacks jurisdiction, the court will not consider the Government's additional arguments in support of denying Defendant's motion.

3

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for Sentence Credit [DE-11] is DENIED.

So ordered, the 24th day of March 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

4